## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JAMES BLUME, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 16-cv-1095 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, | ) |
| | ) |
| Respondent. | |

## O R D E R & OPINION

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), and his Motion for Leave to Proceed in forma pauperis (Doc. 2). For the reasons stated below, Petitioner is granted leave to proceed in forma pauperis and his Petition is dismissed with prejudice.

### MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Petitioner has filed a Motion for Leave to Proceed in forma pauperis concurrently with his § 2254 petition. (Doc. 2). In his motion, he asserts that he has no money in a checking or savings account, no assets, and must pay $400 per month in child support for his daughter. (*Id.* at 2). However, he also asserts that he receives $10.00 per month from the institution where he is presently incarcerated. (*Id.* at 1). The trust fund account ledger received by the Court reflects payroll deposits of between $10 and $15.78 each month beginning in January of 2016, and also reflects regular deposits from an external source that range between $50 and

$100. (Doc. 3 at 2). The most recent information available to the Court shows a balance of $16.22 as of February 25, 2016. (*Id.*).

Although the partial filing fee requirement outlined in 28 U.S.C. § 1915(b)(1) does not automatically apply to habeas corpus petitions, the Court may nevertheless use its discretion to apply the formula to determine the required fee amount. *See Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999) (commending the discretionary application of the § 1915(b)(1) formula). Accordingly, the Court exercises its discretion to apply the § 1915(b)(1) formula to determine Petitioner's ability to pay court fees. Under the formula, Petitioner is capable of paying twenty-percent of the greater of his average monthly deposits or his average monthly balance for the six-month period immediately preceding the filing of the action. 28 U.S.C. § 1915(b)(1). The ledger that Petitioner has provided begins November 24, 2015 and only runs through March 2, 2016, so the Court is not able to calculate either over the preceding six months. Over the four months covered by Petitioner's ledger, his average monthly deposit has been $81.89, and his average balance at the close of each month has been $71.95. Twenty-percent of Petitioner's average monthly deposit is $16.38 and twenty-percent of his average monthly balance is $14.39.

The Court grants Petitioner's request to proceed without prepayment of the applicable filing fee and has reviewed his Petition prior to receiving the applicable fee. Nonetheless, under the § 1915(b)(1) formula, Petitioner must still pay what he is capable of paying, which in this case seems to exceed the full filing fee amount of $5.00 dictated by 28 U.S.C. § 1914(a). *See Longbehn*, 169 F3d at 1083 ("All that

permission to proceed *in forma pauperis* has ever meant is that the fee not be *pre-paid*."). Here, because Petitioner's trust fund balance presently exceeds $5.00, he must forward the full amount to the Clerk of this Court.

## 28 U.S.C. § 2254 PETITION

Rule 4 of the Rules Governing Section 2254 Cases in the District Courts requires the district court to "promptly examine" a new § 2254 petition and dismiss it "[i]f it plainly appears . . . that the petitioner is not entitled to relief in the district court." The Court has examined the Petition, and finds that Petitioner is plainly not entitled to habeas corpus relief.

Petitioner is currently an inmate at the Illinois River Correctional Center, where he is serving an eighteen-month sentence in Illinois state prison for violating an order of protection. (Doc. 1 at 1). In this Petition, he challenges the fact that he has not been paroled.[1] He states, "I have not been paroled by the Dept of Corrections because Joseph Pate, a parole officer, routinely denies parole to the Field Services Officer at IRCC. It has happened 3 times/Plaintiff does not believe it will change." (*Id.* at 5). He states that he was denied parole for a fourth time on March 15, 2016. (*Id.*). As a second ground, Petitioner has stated, "IDOC is keeping me in prison because Joseph Pate, the parole officer refuses to approve my release." (*Id.* at 7).

---

[1] Petitioner has listed "IDOC" as the Respondent in the case. The Illinois Department of Corrections is not the proper respondent. The Petition "must name as respondent the state officer who has custody." Rule 2 of the Rules Governing Section 2254 Cases in the District Courts. In this case, that would be the warden of the Illinois River Correctional Center.

The Court construes Petitioner's first ground for relief as a claim that the Illinois Department of Corrections denied him due process of law when it refused to parole him.[2] This allegations fails to state a claim under § 2254. *See Hyche v. Chandler*, 299 F. App'x. 583 (7th Cir. 2008); *Heidelberg v. Ill. Prisoner Review Bd.*, 163 F.3d 1025, 1027 (7th Cir. 1998). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). However, states may create a liberty interest in parole, or early release, "if its parole system requires release whenever a parole board or similar authority determines that the necessary prerequisites exist." *Heidelberg*, 163 F.3d at 1026 (citing *Board of Pardons v. Allen*, 482 U.S. 369, 376 (1987)). The Illinois parole system is "completely discretionary" and does not mandate parole. *Id.* at 1027 (citing *Hanrahan v. Williams*, 673 N.E.2d 251, 255 (Ill. 1996)). As such, "Illinois prisoners have no entitlement to parole, and a hope to be released on parole in a discretionary system does not create a protected 'liberty' or 'property' interest under the Fourteenth Amendment." *Hyche*, 299 F. App'x at 584. This ground for relief is dismissed with prejudice.

Petitioner's second ground is simply a restatement of his first ground. He writes, "IDOC is keeping me in prison because Joseph Pate, the parole officer refuses to approve my release." It must be dismissed with prejudice as well, for the same reasons discussed above.

---

[2] Note that the Illinois Prisoner Review Board is the entity actually responsible for paroling eligible inmates. The Prison Review Board is independent from the Illinois Department of Corrections. *See* 730 Ill Comp. Stat. §§ 5/3-3-1; 5/3-3-2.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(1), a petitioner may only appeal from the court's judgment in his habeas case if he obtains a certificate of appealability. A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, but he must show "'something more than the absence of frivolity' or the existence of mere 'good faith'" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1).

Based on the record before it, the Court cannot find that reasonable jurists would debate that Petitioner's claims are meritless. *See Heidelberg*, 163 F.3d at 1027 (denying request for a certificate of appealability on refusal to parole claim). Accordingly, a certificate of appealability is denied.

### CONCLUSION

IT IS THEREFORE ORDERED that Petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is GRANTED. Petitioner SHALL pay the full filing fee of

$5.00. If, at the time the trust fund department at Petitioner's institution receives this Order, Petitioner does not have that much money in his account, the trust fund department shall send 20% of Petitioner's current balance. Thereafter, each time the balance in Petitioner's account exceeds $10.00, Petitioner's custodian shall forward to the Clerk, in monthly payments, 20% of the preceding month's income credited to Petitioner's account until the $5.00 filing fee is paid.

Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is DISMISSED WITH PREJUDICE. The Court declines to issue a Certificate of Appealability. CASE TERMINATED.

Entered this 7th day of April, 2016.

s/Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
